**So Ordered.**

**Dated: October 21st, 2016**



**Frederick P. Corbit
Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 16-01964-FPC13 |
|---|---|
| SHANE YORK, | **NOT FOR PUBLICATION** |
| | MEMORANDUM DECISION RE: PAWN 1, INC.'S MOTION FOR DETERMINATION |
| Debtor. | |

THIS MATTER came before the court on October 5, 2016 for a hearing on the Motion for Determination filed by Pawn 1, Inc. ("Pawn 1") [ECF No. 28]. At the hearing, the court heard argument of (1) debtor's counsel, Anastasia Karson, (2) the attorney for Pawn 1, Darren Digiacinto, and (3) the attorney for the Chapter 13 Trustee, Melissa Williams. At the conclusion of the hearing, the court took the matter under advisement. After review of the record, the argument presented, and applicable law, this matter is ready for decision. This court has original and exclusive jurisdiction of this bankruptcy case pursuant to 28 U.S.C. § 1334(a).

MEMORANDUM DECISION . . . ~ Page 1

Pawn 1's Motion is a core proceeding under 28 U.S.C. § 157(b)(2). This memorandum decision includes the court's findings of fact and conclusions of law. For the reasons set forth below, the court finds 11 U.S.C § 362 does not toll the running of the time period for redemption.[1]

## FACTS

Debtor, Shane York, entered into pawn agreements with Pawn 1, a licensed pawn shop, prior to filing his bankruptcy petition on June 16, 2016 [ECF No. 1]. The pawned property, which was in the possession of Pawn 1 at the time Mr. York filed his bankruptcy petition, includes four guns and a pressure washer ("Collateral") [ECF No. 35]. Pursuant to state law, the pawn agreements specified times by which Mr. York had to redeem the Collateral ("Redemption Dates").

Pursuant to the terms of the pawn agreements, Mr. York had no obligation to repay if he did not redeem the Collateral. Mr. York did not list Pawn 1 as either a secured or unsecured creditor on his schedules [ECF No.1]. Additionally, the proposed Chapter 13 plan does not list Pawn 1 as a secured creditor nor does it provide payments to Pawn 1 that would enable Mr. York to redeem the Collateral.

The parties agree that Mr. York had a right of redemption at the time this Chapter 13 case was filed. However, the parties disagree on whether the filing of the

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

bankruptcy petition extended the redemption periods more than the 60 days provided by § 108(b) of the Bankruptcy Code.

Pawn 1 argues that pursuant to § 541(b)(8), the bankruptcy estate no longer includes the Collateral, because Mr. York's right to redeem is limited to the longer of 90 days from the date property was pawned (as provided by state law set forth in RCW 19.60.061) or 60 days after Mr. York filed his bankruptcy petition (as provided by § 108(b)). The later of those two dates for one of the pawned items was August 22, 2016 and was August 15, 2016 for all the other items.

Mr. York argues that the Collateral continues to be part of the estate because the time to redeem the Collateral was tolled by the automatic stay set forth in § 362(a). According to Mr. York, the redemptive right held by the estate "raises the transaction to that of a claim that can be pursued" [ECF No. 35]. Therefore, Pawn 1's right to repayment should be treated like a secured claim that can be modified through a Chapter 13 plan pursuant to § 1322(b)(2). Mr. York seems to argue that as long as a debtor files a bankruptcy petition prior to the expiration of the Redemption Dates, then the bankruptcy tolls any redemption period.

The disparate positions of the parties presents the court with the need to decide whether Mr. York's right to redeem the pawned Collateral has terminated.

# CONCLUSIONS OF LAW

**I.      The bankruptcy estate initially includes the redemptive right in the pawned collateral.**

The filing of a bankruptcy petition operates as a stay of any act to obtain possession of, or to enforce a lien against, property belonging to the debtor's estate. *See* § 362(a). Unless the court orders otherwise, the stay continues until such property is no longer property of the estate. § 362(c)(1). Pursuant to § 541(a)(1), the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1); *In re Pettit*, 217 F.3d 1072, 1077 (9th Cir. 2000). While § 541(a) "defines what interests of the debtor are transferred to the estate. . . . [i]t does not address the threshold questions of the *existence and scope of the debtor's interest* in a given asset," state law determines the extent of such interests. *In re Raintree Healthcare Corp.*, 431 F.3d 685, 688 (9th Cir. 2005) (emphasis added); *see also Butner v. United States*, 440 U.S. 48 (1979). Applicable state law is Washington Revenue Code Chapter 19.60 Pawnbrokers and Secondhand Dealers.

Although the scope of property included in the bankruptcy estate is broad, and includes most of the debtor's legal and equitable interests in property, some exceptions exist. *See* § 541(a) and (b). Relevant to this discussion is the subsection

raised by Pawn 1, § 541(b)(8), which provides that property of the estate *does not include*:

> (8) . . . any interest of the debtor in property where the debtor pledged or sold tangible property . . . as collateral for a loan or advance of money given by a person licensed under law to make such loans or advances, where—
>
> > (A) the tangible personal property is in the possession of the pledgee or transferee;
> >
> > (B) the debtor has no obligation to repay the money, redeem the collateral, or buy back the property at a stipulated price; and
> >
> > (C) neither the debtor not the trustee have exercised any right to redeem provided under the contract or State law, in a timely manner as provided under State law and section 108(b)[.][2]

If all three elements are satisfied, then the Collateral at issue is not part of the estate and is not protected by the automatic stay. The parties do not dispute that the first two elements are satisfied because Pawn 1 continues to possess the Collateral

---

[2] Congress added § 541(b)(8) to the Code as a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub.L. No. 109–8, sec. 1230, 11 U.S.C. § 541(b)(8), 119 Stat. 23, in which the section adding § 541(b)(8) was titled "PROPERTY NO LONGER SUBJECT TO REDEMPTION." *See Maguire v. Comm'r of Internal Revenue*, 313 U.S. 1 (1941) (stating that a section's title in its enacting session law is helpful and legitimate in determining congressional purpose). A leading commentator notes that § 541(b)(8), added by the 2005 amendments, is broadly drafted and does not use the word "pawn", but "[n]onetheless it may be fairly said that its obvious, fundamental purpose is to declare that certain tangible personal property pledged to pawnbrokers is excluded from property of the estate." 5 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ("Collier"), ¶ 541.22D (15th ed. 2005).

(satisfying subsection (A)), and Mr. York has no obligation to repay the money, redeem the Collateral, or buy back the Collateral (satisfying subsection (B)). The parties dispute whether the debtor or the trustee have exercised any right to redeem in a timely manner as provided under state law and § 108(b) and this depends on whether the redemption period is tolled by the automatic stay pursuant to § 362(a).

## II. Redemption periods for pawned collateral pursuant to state and federal law.

### a. State law

According to Washington state law, the redemption period for a pawn transaction is 90 days. Specifically RCW 19.60.061(2) states:

> A pawnbroker shall not sell any property received in pledge, until a minimum of ninety days has expired. However, if a pledged article is not redeemed within the ninety-day period of the term of the loan, the pawnbroker shall have all rights, title, and interest of that item of personal property. The pawnbroker shall not be required to account to the pledgor for the proceeds received from the disposition of that item.

### b. Federal Bankruptcy Code

If the redemption period provided for pursuant to state law has not yet expired at the time a pawnor files a bankruptcy petition, but will expire in less than 60 days from the petition date, § 108(b) extends the redemption period. Under § 108(b), a Chapter 13 debtor or trustee is entitled to redeem pledged property within 60 days from the date of the debtor's petition. Specifically § 108(b) provides:

> (b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, . . . or an agreement fixes a period within which the debtor . . . protected under section . . . 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—
>
> (1) the *end of such period*, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) *60 days after the order for relief*.

(emphasis added). Thus, pursuant to § 108(b) a pawnor debtor has the later of the redemption period set by state law or 60 days after the filing of the petition in which to redeem pawned collateral.

### III. The automatic stay does not toll the statutory redemption period.

As noted above, § 108(b) sets a time bar on exercising the state law right to redeem property. 11 U.S.C. § 108(b). To determine whether the redemptive right to the Collateral continues past the date set by § 108(b), the court must determine whether the statutory redemption period is tolled by § 362(a). If the redemption period is not tolled by the automatic stay, then the redemption period in this case has expired, subsection (C) of § 541(b)(8) would be satisfied, and therefore, as a matter of law, the Collateral would not be part of the estate.

It does not appear that the Ninth Circuit has ruled on this issue, although many lower courts throughout the country have split on the issue. Courts finding that

§ 362(a) tolls the redemption period appear to rely on equitable principles. Such courts look to the purpose of the Bankruptcy Code and a Chapter 13 debtor's broad power to modify claims. *In re Amant*, 41 B.R. 156, 160-61 (Bankr. D. Conn. 1984). However, such a conclusion fails to adequately explain a statutory basis for determining that the automatic stay provision of § 362(a) prevails over the specific statutory time limits set forth in § 108(b).

This court finds more persuasive courts finding that § 362(a) does not toll the running of the time period for redemption, and that the only available extension of time for such periods is the 60 days provided for in § 108(b). *See Whispering Bay Campground, Inc. v. Fagan (In re Whispering Bay Campground, Inc.*), 850 F.2d 443, 446 (8th Cir. 1988); *Federal Land Bank v. Glenn (In re Glenn)*, 760 F.2d 1428, 1440 (6th Cir. 1985); *In re Farmer*, 81 B.R. 857 (Bankr. E.D. Pa. 1988) (collecting cases); *see also, e.g., In re Frazer*, 377 B.R. 621 (B.A.P. 9th Cir. 2007). Cannons of statutory construction comport with this conclusion, instructing courts that when there exists a general provision and a specific provision, the specific provision prevails. *See United States v. Navarro,* 160 F.3d 1254, 1256–57 (9th Cir. 1998). While § 362(a) provides for the automatic stay as a general matter, § 108(b) specifically deals with redemption periods. Therefore, § 108(b) should control with regard to such periods, over the more general provisions of § 362(a). Indeed, allowing § 362(a) to extend the redemption period beyond the 60-day period in

§ 108(b) would render § 108(b) superfluous. "If Congress had intended that § 362(a) would operate as a stay of redemption periods, it would not have provided *specific* provisions extending redemption periods." *In re Farmer*, 81 B.R. 857, 861 (Bankr. E.D. Pa. 1988) (emphasis in original).

The court notes that its decision is applicable to this narrow set of facts. The court is mindful that § 1322(b)(3) allows modification of rights of secured claim holders to "provide for the curing or waiving of any default" and this court has not foreclosed the possibility that a Chapter 13 plan confirmed prior to the expiration of the statutory redemption period may entitle a Chapter 13 debtor to pay the redemption amount over the life of his or her plan. However, such facts are not present in this case. Prior to the expiration of the Redemption Dates, the debtor did not propose a plan that provided for the redemption of the Collateral. Indeed, prior to the expiration of the redemption period, Pawn 1 emailed both the trustee and attorney for the debtor inquiring whether debtor planned to redeem the property. [ECF No. 29]. The trustee responded that there were no plans to redeem the property. Additionally, although the debtor alleges that "Debtor has made provision for the property in the Chapter 13 plan," the court finds there is no provision in the plan for this property. [ECF No. 35, p. 4]. Pawn 1 is not even listed as a secured creditor on debtor's schedules.

The court concludes that Mr. York entered into pawn transactions with Pawn 1 prior to filing his bankruptcy petition and that he did not redeem his pawned property within the time period allowed by the Bankruptcy Code or Washington law. Accordingly, the Court will enter an order that the Collateral is not property of the bankruptcy estate and not available for the debtor to redeem.

///END OF MEMORANDUM DECISION///